IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LAWRENCE A. LEOMBRUNO,           )
                                )
                Petitioner,      )        Case No. CV03-515-S-EJL
                                )
vs.                             )        **MEMORANDUM ORDER**
                                )
OLIVIA CRAVEN, Executive         )
Director of Commission for Pardons )
and Parole, and JEFF CONWAY,     )
Facility Administrator of Idaho   )
Correction Center,               )
                                )
                Respondents.     )
_____ )

        Pending before the Court in this habeas corpus action are Respondents' Motion to

Dismiss (Docket No. 31) and Petitioner's Motion to Appoint Counsel (Docket No. 36).

Having reviewed the record in this case, and having considered the arguments of the parties,

the Court concludes that oral argument is unnecessary.  Based upon its review of the record,

the Court enters the following Order denying the pending Motions.

# I.

## PROCEDURAL BACKGROUND

        Petitioner originally filed his Habeas Corpus Petition on November 28, 2003.  The

Court concluded that his claims were unexhausted because he presented his claims to the

Idaho Supreme Court under its original jurisdiction powers without first proceeding through

the lower courts.  As a result, the Court dismissed his Petition without prejudice.  Petitioner

appealed, and the Ninth Circuit Court of Appeals determined that the Idaho Supreme Court had considered the merits of claims, and, therefore, the claims were exhausted.

After remand, this Court ordered Respondents to file an answer or pre-answer motion. Respondents filed a Motion to Dismiss on statute of limitations grounds.

## II.

## REQUEST FOR COUNSEL

Petitioner has requested appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on Petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). At this point, there are no extraordinary circumstances that would cause the Court to reconsider its earlier denial of Petitioner's request for appointment of counsel. The statute of limitations issue in this case is not complex, and Petitioner has articulated his facts and arguments in a satisfactory manner. Therefore, the Motion is denied.

## III.

## MOTION TO DISMISS

**A.      Standards of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id*. Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions.  *See* 28 U.S.C. § 2244(d)(1).  Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.  The statute provides several alternative dates for the beginning of the statute of limitations period, depending upon the type of decision or judgment at issue.  The statute of limitations on a

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

parole claim runs from "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence" under § 2244(d)(1)(D), rather than from "the date on which the judgment became final" under § 2244(d)(1)(A), because an administrative decision is not a judgment.  *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004) (Oregon parole scheme).  In the parole denial context, the beginning date of the federal statute of limitations is the date the petitioner's final administrative appeal is denied.  *Shelby*, 391 F.3d at 1066; *see also Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) (California parole scheme).

The federal habeas corpus statute of limitations is statutorily tolled under § 2244(d)(2) during the time a state habeas petition challenging the administrative action is pending. *Redd*, 343 F.3d at 1084 (9th Cir. 2003).   However, if the federal habeas corpus statute of limitations expires before a state post-conviction collateral relief action is filed, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

**B.    Facts**

On July 24, 1996, Petitioner was convicted of sexual battery of a minor child and sentenced to a term of fifteen years, with three years fixed.  Petitioner did not appeal his conviction or sentence.  Just before the three-year mark, on April 7, 1999, Petitioner had a

parole hearing.  The Idaho Commission of Pardons and Parole ("Commission") denied parole

and passed Petitioner to his full-term release date.

After his parole hearing, Petitioner received the following Notice of Action Taken

("Notice") from the Commission:

> You may request an appeal of a parole decision by submitting a  Self-Initiated Progress Report.  The first opportunity to submit such appeal is six (6) months following this hearing.
>
> (a)    The only acceptable form is the one approved by the Commission.  You can obtain such form from your caseworker or by writing the Commission.
>
> (b)    The petition must be completed correctly per the instructions or it may be returned.
>
> (c)    If your first appeal is denied, you can submit appeals annually.
>
> (d)    Your appeal must state the reason reconsideration is requested and the circumstances that have changed.

*Petitioner's Objection*, at p. 20 (Exhibit A) (Docket No. 38-1).

As advised by the Notice, Petitioner filed annual "appeals" of the denial of parole, on

the following dates: April 20, 2000; July 26, 2001; July 19, 2002; and July 24, 2003.[2]  *See*

*Petitioner's Objection and Response to Motion for Summary Dismissal*, at p. 16-22 (Exhibit

A) (Docket No. 38-1).

On August 22, 2003, Petitioner filed a Petition for Writ of Habeas Corpus with the

Idaho Supreme Court challenging the Commission's denial of parole.  On November 28,

2003, Petitioner first filed his federal Petition for Writ of Habeas Corpus.

---

[2]  Petitioner filed additional self-initiated progress reports on July 22, 2004, January 5, 2005, and August 16, 2005, all of which are after the date of his first state habeas petition.

MEMORANDUM ORDER - 5

**C.    Discussion**

Respondents argue that it is not possible to "appeal" a parole decision, and that the "appeal" referred to in the Notice is a request for reconsideration based upon additional rehabilitative steps taken by the inmate.  While that is one possible interpretation of the Notice, the Court agrees with Petitioner that the plain language of the Notice would lead a reasonable inmate to believe that the Notice was for the purpose of providing information about how to file an appeal of the parole decision, because it clearly states that "[y]ou may request an appeal of a parole decision by submitting a Self-Initiated Progress Report."  *Id.*

Idaho law is clear that there is no direct *judicial* appeal from parole decisions.[3]  *See Carman v. Idaho Comm'n of Pardons and Parol*, 809 P.2d 503 (Idaho 1991) (Commission is not an "agency" within the Administrative Procedures Act, and thus inmates cannot judicially appeal decisions of the Commission).  However, whether there is an administrative appeal process is unclear.  Idaho Administrative Code (IDAPA) § 50.01.01.500 (entitled "Self-Initiated Progress Report") provides: "An inmate may appeal the last parole decision of the commission." *Respondents' Reply*, Appendix A (Docket No. 39-2).

Given the fact that there is no judicial appeal from a parole denial, and based on the IDAPA and Commission use of the word "appeal" and provision of a process for such an appeal, the Court concludes that either (1) the SIPR *is* an administrative appeal, which would

---

[3]Revocation of parole can be judicially challenged via state habeas corpus proceedings. *See* Idaho Code § 19-4209(5)(b).

extend the beginning date of the statute of limitations to the date of the final appeal; or, alternatively, (2) the Commission's standard Notice and the IDAPA language would lead inmates to *believe* the SIPR is an appeal, in which case equitable tolling would apply to toll all of the time in which an inmate is attempting to "exhaust" his appeals.  If Idaho and the Commission do not want to lead inmates to believe there is an administrative appeal, it should not use the word "appeal" in the IDAPA and the Commission's Notice.

The next difficulty is determining when a parole decision becomes final if Idaho inmates can file multiple "appeals" from the same decision (as the Notice specifically states). In the absence of the multiple appeals instruction, the Court would take the approach that Petitioner's statute on some of his policy-based and long-standing claims expired years ago, and only those claims directly related to his most recent appeal denial remain, because § 2244(d)(1)(D) requires that a petitioner exercise "due diligence" in discovering the "factual predicate" of his claim.  *See Murphy v. Espinoza*, 401 F.Supp. 2d 1048, 1052-53 (D. Ca. 2005); *see Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1813, n.6 (2005) (habeas claims must be assessed for timeliness on a claim-by-claim basis).   However, in this case it is difficult to conclude that Petitioner was not exercising due diligence when he consistently appealed the parole decision each year, just as the Commission instructed him to do.  Again, if the Commission does not want to allow inmates to have multiple administrative appeals, it should use different language than, "you can submit appeals annually."

In reviewing the unique Idaho administrative appeal system, the Court finds that it is somewhat analogous to California's habeas corpus scheme and the "pending state petition"

MEMORANDUM ORDER - 7

statutory tolling issue.  In California, unlike other states, petitioners can start in the lower courts and appeal to the appellate courts, or may file original petitions in the appellate courts rather than filing a traditional "appeal," so long as the filings are done "within a reasonable time."  *See Evans v. Chavis*, 126 S. Ct. 846, 849 (2006) (case remains pending so long as subsequent filings occur within a reasonable time).  In such circumstances, "the statue of limitation is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge," *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), so long as the subsequent filings occurred within a reasonable time, *Evans*, 126 S. Ct. at 853-54.  Similarly, an Idaho prisoner's statute of limitations should not begin until a prisoner completes his administrative appeals and the Idaho Supreme Court rejects his final collateral challenge, provided he has exercised due diligence in pursuing his administrative appeals.

On the alternative grounds of equitable tolling, prevailing precedent dictates that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005).  Here, Petitioner diligently pursued his administrative appeals, as he had been instructed by the Commission, and had he not been instructed to do so, he would have proceeded with his judicial remedies.  *See Petitioner's Objection*, at p. 5 (Docket No. 38-1).  The Commission's instructions on multiple appeals constitute an extraordinary circumstance that stood in his

way of a timely federal filing.  Therefore, the Court alternatively concludes that Petitioner's circumstance qualifies for equitable tolling.

In summary, based on all of the foregoing, the Court concludes that Petitioner's final administrative appeal prior to his taking the case to the Idaho Supreme Court occurred on July 24, 2003, and the claims in Petitioner's federal Habeas Petition, filed on November 28, 2003, were timely – either because the statue of limitations did not begin until the last administrative appeal had been disposed of, or, alternatively, by equitably tolling the time period during which Petitioner filed his annual appeals because he was affirmatively led by the State to believe that multiple appeals existed.  The Court finds that this case is distinguishable from the factual circumstance in *Ferguson v. Palmateer, supra,* because of the necessary interaction between the last of an inmate's administrative appeals and the start of the federal statute of limitations under § 2244(d)(1)(D); in *Ferguson*, a state judicial collateral action does not trigger the beginning of the federal statute of limitations but is a tolling factor that can become irrelevant to the statute of limitations issue if the judicial collateral action is filed too late.  Accordingly, the Court concludes that Petitioner's claims are timely, and the parties may proceed to summary judgment, following the schedule set forth below.

**IV.**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondents' Motion for Summary Dismissal (Docket No. 31) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Appointment of Counsel (Docket No. 36) is DENIED.

IT IS FURTHER HEREBY ORDERED that all motions for summary judgment in this case shall be filed no later than **July 28, 2006**.  Responses shall be due thirty (30) days  after the motion is filed, with replies, if any, due fourteen (14) days thereafter.

DATED:  **March 20, 2006**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 10