IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LAWRENCE A. LEOMBRUNO, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV03-515-S-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| OLIVIA CRAVEN, Executive | ) | |
| Director of Commission for Pardons | ) | |
| and Parole, and JEFF CONWAY, | ) | |
| Facility Administrator of Idaho | ) | |
| Correction Center, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action is Respondents' Motion for

Summary Judgment (Docket No. 48).  Having reviewed the record in this case, and

having considered the arguments of the parties, the Court concludes that oral argument is

unnecessary.  Based upon its review of the record, the Court enters the following Order.

## PROCEDURAL BACKGROUND

Petitioner originally filed his Habeas Corpus Petition on November 28, 2003.  The Court concluded that his claims were unexhausted because he had presented them to the Idaho Supreme Court under its original jurisdiction powers without first proceeding through the lower courts.  As a result, the Court dismissed his Petition without prejudice. Petitioner appealed, and the Ninth Circuit Court of Appeals determined that the Idaho Supreme Court had considered the merits of claims, and, therefore, the claims were exhausted.

After remand, this Court ordered Respondents to file an answer or pre-answer motion.  Respondents filed a Motion to Dismiss on statute of limitations grounds.  The Court denied that Motion.  Now pending is Respondents' Motion for Summary Judgment, asserting that Petitioner's claims are subject to denial on the merits.

## MOTION FOR SUMMARY JUDGMENT

### A.      Standard of Law

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure.  Rule 11, Rules Governing Section 2254 Cases.  Accordingly, summary judgment motions are appropriate in habeas

MEMORANDUM ORDER - 2

corpus proceedings where there are no genuine issues of material fact and the moving

party is entitled to judgment as a matter of law.  *Blackledge v. Allison*, 431 U.S. 63, 80-81

(1977).

Petitioner's case was filed after April 24, 1996, making it subject to the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  In order to obtain

federal habeas corpus relief from a state court judgment under AEDPA, the petitioner

must show that the state court's adjudication of the merits of his federal claim either:

> 1.  resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as determined
> by the Supreme Court of the United States; or
>
> 2.  resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

The Ninth Circuit has instructed that, in cases like Petitioner's, when there is no

reasoned state court decision, a federal habeas court is to perform an independent review

of the state court record to ascertain whether the state court decision was objectively

unreasonable, rather than a de novo review of the constitutional issue.  *Himes v.

Thompson*, 336 F.3d 848 (9th Cir. 2003) (relying on *Delgado v. Lewis*, 223 F.3d 976 (9th

Cir. 2000)).[1]  A state court decision can be objectively unreasonable in light of "the

governing legal principle" that is "applicable to the facts of the case," or if the decision

---

[1]  *Delgado* was overruled on other grounds by *Lockyer v. Andrade*, 538 U.S. 63, 73-74
(2003).

MEMORANDUM ORDER - 3

appears to be an apparent "refus[al] to extend the governing legal principle to a context in which the principle should have controlled." *See Ramdass v. Angelone*, 530 U.S. 156 166 (2000) (citing *Williams v. Taylor,* 529 U.S. 362, 385 (2000)).  A petitioner cannot prevail under the unreasonable application clause on habeas corpus review "simply because [the federal] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411.

**B.    Discussion**

On July 24, 1996, Petitioner pled guilty to and was convicted of Sexual Exploitation of a Minor Child 16/17 Years of Age.  He was sentenced to a term of fifteen years, with three years fixed.  Petitioner did not appeal his conviction or sentence.  Just before the end of the fixed portion of his sentence, on April 7, 1999, Petitioner had a parole hearing.  The Idaho Commission of Pardons and Parole ("Commission") denied parole and passed Petitioner to his full-term release date.

After his parole hearing, Petitioner was notified that he could file annual Self-Initiated Progress Reports (SIPRs) each year, beginning six months after his initial parole denial.  *See Petitioner's Exhibit A* (Docket No. 38-1).  Petitioner filed annual SIPRs on the following dates: April 20, 2000; July 26, 2001; July 19, 2002; and July 24, 2003.[2]  *See id*.

---

[2]  Petitioner filed additional self-initiated progress reports on July 22, 2004, January 5, 2005, and August 16, 2005, all of which are after the date of his first state habeas petition.

On August 22, 2003, Petitioner filed a Petition for Writ of Habeas Corpus with the Idaho Supreme Court challenging the Commission's denial of parole.  The Petition was denied after due consideration.

On November 28, 2003, Petitioner filed his federal Petition for Writ of Habeas Corpus, bringing six claims related to the parole denial.  The Court now considers those claims in light of the habeas corpus standard for relief set forth above.

1.    Petitioner's First Claim

Petitioner alleges that the Idaho Commission of Pardons and Parole ("Commission") violated his equal protection rights when it failed to release him after he has served the determinate portion of his sentence.  *Petition*, at p. 5 (Docket No. 5). Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities.  *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920).  However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).  The Equal Protection Clause is violated only where "the law lays an unequal hand on those who have committed intrinsically the same quality of offense." *Skinner v. State of Okl. ex rel. Williamson*, 316 U.S. 535, 541 (1942).

In his Brief in response to the Motion for Summary Judgment, Petitioner clarifies that he is resting his equal protection claim on *State v. Toohill*, 650 P.2d 707 (Idaho Ct. App. 1982), where the Idaho Supreme Court determined that one-third of the facial length of an indeterminate sentence would be treated as the presumptive measure of confinement

MEMORANDUM ORDER - 5

when an appellate court reviewed a sentence for excessiveness.  However, in *State v.
Sanchez*, 769 P.2d 1148 (Idaho Ct. App. 1989), the Court stated that "this one-third 'rule
of thumb' [was] no longer appropriate in cases where a minimum period of confinement
ha[d] been specified by the Judge under the Unified Sentencing Act." *Id*. at 778.
Importantly, the *Sanchez* Court clarified that, "[b]y focusing on this period, we do not
wholly disregard the aggregate length of the sentence, *nor do we suggest that a prisoner
will be entitled to parole when the minimum period has elapsed*; but we do recognize that
he will be eligible for parole at that time." *Id*.(emphasis added).

     *Sanchez* clearly explains that *Toohill* was not intended to stand for the principle
that prisoners are entitled to parole after they have served their minimum term.  The only
relevance Petitioner's *Toohill* argument would have in an equal protection setting would
be if Petitioner could show that the Commission followed the *Toohill* calculation and
released other similarly situated inmates, but did not follow it or release Petitioner.
However, Petitioner has pointed to no inmates with a similar crime, similar criminal
history, similar prison disciplinary record, similar mental health status, and similar parole
plan who were paroled.  Petitioner has alleged that he has made more rehabilitative
efforts than most inmates who were paroled.  *Petitioner's Brief*, at p. 15 (Docket No. 50).
However, rehabilitative efforts are only one factor in the parole consideration process.  It
is quite clear from the Commission's parole records that it had a great concern that
Petitioner was a sexual predator of underaged young men. *See Supplemental Lodging of
State Court Records* (Docket No. 57).  Petitioner has not shown that other such inmates

MEMORANDUM ORDER - 6

were granted parole, while he was not.

Similarly, the Court rejects Petitioner's argument that the Commission has the ability to "fix" an indeterminate sentence. Simply because Petitioner was denied parole does not mean that his sentence is now fixed. Petitioner can continue to file Self-Initiated Progress Reports to request parole throughout his prison term. Petitioner's parole records show that the Commission reviews the SIPRs and any progress Petitioner has reported since his last parole consideration. *See Petitioner's Exhibit A* (Docket No. 38-1).

Based on the foregoing, the Court finds that Petitioner has not shown that the Idaho Supreme Court's decision rejecting his equal protection clam is objectively unreasonable on the record presented. Therefore, Petitioner is not entitled to relief on this ground.

2.    <u>Petitioner's Second Claim</u>

Petitioner's second claim is a variation on his first – that the Commission deprived Petitioner of a liberty interest by passing him to his full-term release date, rather than releasing him after his fixed sentence. He alleges that he was not sentenced to a fixed term of fifteen years, and that the Commission has in effect sentenced him to a term inconsistent with his sentence of an "indeterminate term of twelve (12) years." *Id*. at 6-7.

This claim centers on the Due Process Clause of the Fourteenth Amendment. The law is clear that there is no federal constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Therefore, an inmate

MEMORANDUM ORDER - 7

can bring a due process challenge to a parole decision only where there is a state-created liberty interest in parole.  *See Board of Pardons v. Allen*, 482 U.S. 369, 380-81 (1987); *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) (If a state statute governing parole uses mandatory language like "shall" to "create a presumption that parole release will be granted," then an inmate has a liberty interest in parole and may bring a procedural due process challenge to a parole decision.).

In *Banks v. State of Idaho*, 920 P.2d 905 (Idaho 1996), the Idaho Supreme Court addressed the liberty interest question.  The court noted that the Idaho sentencing statute, I.C. § 19-2513, uses the nonmandatory words "[t]he offender may be considered for parole or discharge at any time during the indeterminate period of the sentence."[3]  The *Banks* Court held that, as a result of the statute's language, in Idaho

---

[3] I.C. § 19-2513 provides:

Whenever any person is convicted of having committed a felony, the court shall, unless it shall commute the sentence, suspend or withhold judgment and sentence or grant probation, as provided in chapter 26, title 19, Idaho Code, or unless it shall impose the death sentence as provided by law, sentence such offender to the custody of the state board of correction. The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law. During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service except as provided in section 20-223(f), Idaho Code. The offender may be considered for parole or discharge at any time during the indeterminate period of the sentence and as provided in section 20-223(f), Idaho Code.

MEMORANDUM ORDER - 8

"parole is not an automatic right or liberty interest." *Id*. at 908.  The *Banks* Court

acknowledged the existence of  I.C. § 20-223,[4] which governs Parole Commission

decisions and contains the phrase "a parole shall be ordered when. . . ."  However, the

court did not find the statute's "shall" language controlling in the liberty interest

analysis, although that section is nearly the same as the language deemed mandatory in

*Greenholtz* and *Allen.*  Rather, the Idaho Supreme Court relied on I.C. § 19-2513 –

which governs sentencing – noting that it does not contain mandatory language, but

instead states that "[t]he offender *may* be considered for parole or discharged at any

time during the indeterminate part of the sentence."

      The *Banks* decision governs Petitioner's ability to bring a due process claim in a

---

[4] I.C. § 20-223(c) provides:

Before considering the parole of any prisoner, the commission shall afford the
prisoner the opportunity to be interviewed by the commission, a commissioner or
other designated commission staff. A designated report prepared by commission
staff or a designated department of correction employee which is specifically to
be used by the commission in making a parole determination shall be exempt
from public disclosure; such reports contain information from the presentence
investigation report, medical or psychological information, victim information,
designated confidential witness information and criminal history information. A
parole shall be ordered when, in the discretion of the commission, it is in the best
interests of society, and the commission believes the prisoner is able and willing
to fulfill the obligations of a law-abiding citizen. Such determination shall not be
a reward of clemency and it shall not be considered to be a reduction of sentence
or a pardon. The commission may also by its rules, policies or procedures fix the
times and conditions under which any application denied may be reconsidered.
No action may be maintained against the commission and/or any of its members
in any court in connection with any decision taken by the commission to parole a
prisoner and neither the commission nor its members shall be liable in any way
for its action with respect thereto.

MEMORANDUM ORDER - 9

federal habeas corpus action.  The *Sass* Court emphasized that "a State's highest court is the final judicial arbiter of the meaning of state statutes."  461 F.3d at 1127.  Unless the Idaho Supreme Court reconsiders its decision as to whether the Idaho parole statutory scheme contains mandatory language creating a presumption that parole will be granted, the federal courts are bound by the Idaho Supreme Court's interpretation. *Cf. id.* ("if the California Supreme Court did hold that section 3041 does not use mandatory language, the [Ninth Circuit's] holdings to the contrary would no longer control").  Therefore, because there is no liberty interest in parole in Idaho, the Idaho Supreme Court's decision rejecting the claim was not objectively unreasonable; or, alternatively, based on *Sass*, Petitioner's due process claims fails to state a claim upon which relief can be granted on federal habeas corpus review.

       3.    <u>Petitioner's Third Claim</u>

Petitioner's third claim is that the "stigmatizing effect of being classified as a 'Murderer' constitutes a deprivation of liberty interest under the Due Process Clause." He alleges that the State has declared him to be a murderer, but that he has not been convicted of murder.  *Id*. at p. 8.

Petitioner's allegation arises solely from a form letter the Commission sent him in 2003 that stated: "The information/letter you provided regarding the murder charge will be available for the Commission's review at the parole consideration hearing." *See Exhibit B-7*.  Petitioner believes that his file may have been mixed up with someone else's, and argues that he may have been denied parole based on someone

MEMORANDUM ORDER - 10

else's crime.

To clarify the facts underlying Petitioner's claim, the Court ordered Respondents to lodge a copy of Petitioner's parole records with the Court.  *See Supplemental Lodging of State Court Records* (Docket No. 57).  The records show that when Petitioner inquired about the letter referring to the "murder case," *see Exhibit B-6,*  he was sent another letter stating that the previous letter was incorrect, and that the new letter (omitting the murder reference) superseded the incorrect letter, *see Exhibit B-5.*

A review of Petitioner's parole records shows no indication that the Commission members ever thought Petitioner's crime was a homicide.  There are many references to his crime of Sexual Exploitation of a Child 16/17 Years of Age and much thoughtful analysis of whether Petitioner remains a threat to society as a result of his apparent same-sex attraction to underaged young men.  Petitioner is not entitled to relief on this claim because there are insufficient facts supporting it, and, therefore, he has failed to show that the Idaho Supreme Court's decision was objectively unreasonable.

4.    Petitioner's Fourth Claim

Petitioner's fourth claim is that the Commission has violated the Ex Post Facto Clause.  He alleges that I.C. § 20-223(a) and IDAPA § 50.01.01.010.15 have been retrospectively applied to his conviction, and that he has been disadvantaged by changing an indeterminate period of confinement of twelve years into a fixed term of

MEMORANDUM ORDER - 11

fifteen years.  *Id*. at p. 9.

In certain factual instances, a petitioner who has been denied parole may bring an ex post facto claim.[5]  In *California Department of Corrections v. Morales*, 514 U.S. 499 (1995), the Court determined that an ex post facto violation occurs in the context of parole when an inmate points to rules or procedures that were adopted *after* the date of an inmate's sentence *and* he demonstrates that such rules or procedures "produce[] a sufficient risk of increasing the measure of punishment attached to the covered crimes."  *Id*. at 509.  The Idaho Parole procedures were changed in 1987, adopting the SIPR procedures in lieu of setting additional hearings on specific dates in the future. *See Quinlan v. Idaho Commission for Pardons and Parol*, 69 P.3d 146 (2003); *see* IDAPA 50.01.01.500, *et seq*. (current rule).[6]  However, Petitioner's judgment of conviction occurred in 1996; therefore, it appears that he has no basis to assert that the 1987 change affected his sentence.

Petitioner is mistaken in his belief that the Idaho Administrative Code was not adopted until 2000.  Rather, it appears that he is referring to changes made to the

---

[5]  An ex post facto claim may be brought without a showing of a liberty interest in parole.  *See, e.g., Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (A law need not impair a vested right to violate the Ex Post Facto prohibition; in other words, the presence or absence of an enforceable right is not relevant to the viability of an ex post facto claim.)

[6]  In 1987, the Commission amended its Rules to delete a requirement that parole reconsideration hearings be held at 30-month intervals.  Instead, inmates are required to submit Self-Initiated Parole Report (SIPR) if they wished to be reconsidered for parole.  An SIPR can be submitted once per year, and each request has to show a change in circumstances.

statutes governing parole.  Particularly, Idaho Code § 20-223, was amended in 2000, in order "to close some gaps regarding which records can be exempted from disclosure" in parole proceedings.  *See* 2000 Idaho Sess. Laws Ch. 368 (S.B. 1553), "Statement of Purpose."  This change in disclosure has nothing to do with Petitioner's claim here.

Petitioner may also be referring to the 1980 change in Idaho Code § 20-223. Prior to 1980, the statute provided that persons serving life sentences were not eligible for parole until they had served ten years, and persons serving sentences for certain listed crimes were not eligible until they had served one-third of their sentences, and that persons serving sentences for sex crimes could not be paroled unless a psychiatrist recommended it.  *See Izatt v. State of Idaho*, 661 P.2d 763, 764-65 (1983).  After 1980, the statute was revised to remove the ten-year and one-third-of-the-sentence provisions. The provision requiring a psychiatrist's or psychologist's recommendation for persons with sex crimes remained essentially intact.  *See* I.C. § 20-223.  Again, this change is not ex post facto, because it was made prior to Petitioner's conviction and sentence.

Petitioner also argues that section (a) of Idaho Code § 20-223, allowing the Commission to establish policies and procedures, was not adopted until 2000. However, that section clearly appears in the statute in 1996, the year of Petitioner's judgment and conviction, as well as in prior years.  *See* I.C. § 20-223(a) (1996). Again, this allegation has no legal or factual basis.

Without being able to rely on a change in rules or procedures that post-dated his

conviction and sentence, Petitioner has no ex post facto claim based on his facts.

Petitioner has no right to parole, and has not pointed to any procedure, rule, or law that

was adopted after his conviction that has been applied to his conviction.  Petitioner's

habeas corpus claim fails, because he has failed to show that the Idaho Supreme

Court's decision was objectively unreasonable on this constitutional basis.

     5.    <u>Fifth Claim</u>

     Petitioner's fifth claim is that the Commission violated the separation of powers

doctrine when it failed to parole him after he served the determine portion of his

sentence.  *Id*.   A *state law* separation of powers claim may arise from a parole denial.

Such a claim arises when the parole commission, which is a part of the executive

branch of the state government, allegedly makes a judicial determination about the

terms of imprisonment, thereby usurping the role of the courts.

     However, this type of claim is not cognizable on federal habeas corpus review.

The *federal* doctrine of separation of powers does not extend to the states under the

Fourteenth Amendment.  *See Hughes v. Superior Court*, 339 U.S. 460, 467 (1950).

The question of whether a state agency violates the doctrine of separation of powers

contained in the Idaho Constitution is classified as a state claim.  *See Middleton v.

Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985).  State claims cannot be the basis for federal

habeas corpus relief.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("Federal habeas

corpus relief does not lie for errors of state law."); *see also Peltier v. Wright*, 15 F.3d

860, 861-62 (9th Cir. 1994) (noting that generally federal habeas corpus is unavailable

MEMORANDUM ORDER - 14

for alleged errors in interpretation and application of state law).  Accordingly, this

Court cannot review whether the Idaho Supreme Court's decision was appropriate on

state grounds, and the claim is subject to dismissal for failure to state a claim upon

which relief can be granted.

      6.   <u>Sixth Claim</u>

Petitioner's sixth claim is as follows:

> The respondents may not discriminate against the equal protection
> to any incitement to discrimination of the Petitioner, the United Nations,
> certain Congressional members [Two-Thirds of the Senate], and the
> United States Supreme Court of their political or other opinion, . . . or
> other status by undertaking into sponsoring, defending or supporting
> racial discrimination by any person or organization."

*Habeas Petition*, at pp. 9-10 (Docket No. 5).  In presenting this issue to the Idaho

Supreme Court, Petitioner grounded this cause of action in the International Covenant

on Civil and Political Rights (ICCPR).  In order to be enforceable in a court of law, a

treaty must have been intended to be self-executing by Congress; courts facing this

issue have found that the ICCPR is not self-executing.  *See Beazley v. Johnson*, 242

F.3d 248, 268 (5th Cir. 2001) (cataloging such cases); *see also Reaves v. Warden*, 2002

WL 535398, at *9 n.15 (D. Pa. 2002) ("Not only is the ICCPR not self-executing, but

also Congress has not passed implementing legislation," citing *Jama v. INS*, 22

F.Supp.2d 353, 364 (D.N.J.1998)).

Here, it appears that Petitioner may be alleging racial discrimination.

Petitioner's claim fails under an ICCPR theory as stated above, and it fails under an

equal protection theory, as well.  Petitioner's parole records are clear that the

MEMORANDUM ORDER - 15

Commission was concerned about Petitioner's sexual predatory behavior because he

consistently chose underaged persons as victims.  *See Supplemental State Court*

*Records, State's Exhibit B-1* (Docket No. 57).  Petitioner has presented no evidence

that the Commission relied on racial or other inappropriate factors to deny Petitioner

parole, or that Petitioner has been treated differently from other sex offenders

suspected of potential future sexual predatory behavior.  Petitioner's claim is subject to

denial because he has failed to show that the Idaho Supreme Court's decision rejecting

his equal protection claim was objectively unreasonable.

## C.     Instructions for Appeal

Before a petitioner may appeal from the dismissal of a 28 U.S.C. § 2254

petition, he must first obtain a certificate of appealability by filing a request for a

certificate of appealability with the federal district court.  28 U.S.C. § 2253(c).  Until a

certificate of appealability has been issued, an appellate court lacks jurisdiction to rule

on the merits of an appeal.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).   A federal

district court will not issue a certificate of appealability absent "a substantial showing

of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner satisfies

this standard by demonstrating that reasonable jurists would find debatable both the

merits of the constitutional claims and any dispositive procedural rulings by the district

court.  *Miller-El v. Cockrell*, 537 at 336 (2003).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondents' Motion to

Seal Supplemental State Court Records (Docket No. 57) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Respondents' Motion for Summary Judgment (Docket No. 48) is GRANTED.  Petitioner's Petition is dismissed with prejudice.

DATED:  **August 3, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 17